BARFIELD, J.
The employer and carrier appeal an order in which the judge of compensation claims (JCC) determined the claimant was entitled to more than 104 weeks of temporary indemnity benefits. We reverse.
The claimant was injured in 1996. Surgery was performed in February of 1997 by Dr. Mayer. On December 22,1997, Dr. Mayer noted in his report that he would like to refer claimant to his partner, Dr. Glaser, because Dr. Glaser is a specialist in the area of spinal fusion cages. Dr. Mayer also indicated in his February 10, 1998 report that he felt claimant should be seen by Dr. Glaser. The carrier authorized Dr. Fink, a neurosurgeon, who first saw the claimant on April 6, 1999. On June 15, 1999, Dr. Fink recommended a disc excision at the L4-5 level. Dr. Fink testified that he did not believe that the insertion of cages was necessary and the surgery he recommended in 1999 was different than the procedure Dr. Mayer had mentioned in 1998. Dr. Fink performed surgery on October 18,1999.
In April of 1998, the claimant retained counsel and filed a request for assistance. On May 19, 1998, the claimant filed a petition for benefits. One of the claims listed in the petition for benefits was authorization for surgery as recommended by Dr. Mayer. The JCC found the carrier failed to discharge its statutory duty to provide surgery after it was recommended by Dr. Mayer, and the claimant was forced to wait for almost one year and ten months before the second surgery was performed. The JCC concluded that due to this delay, the employer and carrier were estopped from asserting the 104-week limitation on temporary indemnity benefits set forth in section 440.15(2), Fla. Stat. (Supp.1996).
The JCC erred in awarding the claimant more than 104 weeks of temporary indemnity benefits based on estoppel. The legislature clearly contemplated that temporary indemnity benefits may expire before a claimant has reached maximum medical improvement and provided for the alternative of impairment benefits. § 440.15(2)-(3), Fla. Stat. (Supp.1996). The doctrine of estoppel can not provide the basis for extending statutorily limited benefits when the statute expressly contemplates payment of a different type of benefit at the end of the statutory period.
We also conclude that application of the doctrine of estoppel is not proper in this case. The JCC’s factual findings supporting application of the doctrine of es-toppel are not supported by competent, substantial evidence. Dr. Mayer never recommended surgery. He instead recommended that claimant be referred to Dr. Glaser in order to determine if a particular type of surgery might be appropriate. The claimant was not required to wait for a period of one year and ten months after surgery was recommended before surgery was performed. Additionally, the claimant was represented by counsel well before temporary indemnity benefits expired.
Accordingly, the order on appeal is REVERSED and the matter is REMANDED *450 for further proceedings consistent with this opinion.
BOOTH and MINER, JJ., CONCUR.