KAHN, J.
Although the Judge of Compensation Claims (JCC) did not err in calculation of average weekly wage, the JCC did err by refusing to award statutory impairment benefits. “An employee’s entitlement to impairment benefits begins the day after the employee reaches maximum medical improvement or the expiration of temporary benefits, whichever occurs earlier § 440.15(3)(a)3, Fla. Stat. (1997). Here, it is undisputed that claimant sought impairment benefits after exhausting her statutorily-limited 104 weeks of temporary disability. Although the evidence concerning maximum medical improvement was in dispute, claimant produced testimony of permanent impairment from at least two physicians. “The legislature clearly contemplated that temporary indemnity benefits may expire before a claimant has reached maximum medical improvement and provided for the alternative of impairment benefits.” Integrated Adm’rs v. Sackett, 799 So.2d 448, 449 (Fla. 1st DCA 2001). Contrary to the argument made by the appellees in the present case, the Legislature apparently did not contemplate that a gap period of no benefits would intervene between the expiration of temporary indemnity benefits and payment of impairment benefits.
REVERSED and REMANDED for further proceedings.
ALLEN, C.J., and ERVIN, J., CONCUR.